# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO: 1:16-CV-626** |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| **TIMOTHY J. WASHBURN,** | : | |
| Defendant | : | |

## ORDER & JUDGMENT

AND NOW, this 23rd day of June, 2017, upon consideration of the motion (Doc. 9) by the United States of America for default judgment against defendant Timothy J. Washburn ("Washburn"), and the court observing that the United States initiated the above-captioned action by filing a complaint (Doc. 1) on April 14, 2016, asserting against Washburn a claim for federal income tax liability in the amount of $28,699.08 for the tax period ending December 31, 2001, (see id. ¶ 5); that the United States served the summons and complaint on Washburn by process server on June 9, 2016, rendering his answer or responsive pleading due on or before June 30, 2016, (see Doc. 5); and that Washburn failed to plead or otherwise defend, see FED. R. CIV. P. 12, resulting in the Clerk's entry of default (Doc. 8) against him on March 23, 2017, see FED. R. CIV. P. 55(a); and further upon consideration of the court's order (Doc. 10) of April 11, 2017, directing Washburn to show cause why the court should not grant the United States' motion (Doc. 9) for default judgment, and Washburn's

response[1] (Doc. 12) thereto, wherein Washburn oppugns the court's subject matter jurisdiction *sub judice*, and asserts that, pursuant to the Thirteenth Amendment to the United States Constitution, we are without jurisdiction to hear the instant claims against him, (id.), and, addressing Washburn's contentions *seriatim*: *first*, with respect to Washburn's challenge to the court's jurisdiction, the court noting that the United States Code explicitly confers subject matter jurisdiction upon federal district courts to issue such orders and to "render such judgments and decrees as may be necessary and appropriate for the enforcement of the internal revenue laws," 26 U.S.C. § 7402(a), and further grants "original jurisdiction" to district courts over "any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340, and the court thus finding that Washburn's jurisdictional challenge is wholly meritless; and *second*, with respect to Washburn's tax protester argument—to wit: that the Constitution bars the United States from unilaterally declaring him subject to its "Political Jurisdiction," and that the United States failed to obtain consent to jurisdiction, (see Doc. 15 at 3)—the court finding that this defense is patently frivolous and declining to entertain same further, as refuting such arguments "with somber reasoning and copious citation of precedent" risks the erroneous suggestion that these arguments have tenable merit, Brunner v. Comm'r of Internal Revenue, 142 F. App'x 53, 53 (3d Cir. 2005) (quoting Crain

---

[1] Washburn initially styled his "response," filed April 21, 2017, as a "motion to dismiss default judgment and void entry of default." (Doc. 12). In a separate filing on April 26, 2017, Washburn restyled his "motion[]" as a "notice" to dismiss. (Doc. 13 at 1). The rules governing voluntary dismissal permit only the party bringing suit (here, the United States) to voluntarily dismiss the complaint. See FED. R. CIV. P. 41(a)(1). Given the arguments raised therein, we construe Washburn's "notice" as a motion to dismiss for lack of jurisdiction. FED. R. CIV. P. 12(b)(1).

v. Comm'r, 737 F.2d 1417, 1417-18 (5th Cir. 1984)), and the court concluding for all of these reasons that Washburn's motion (Doc. 12) to dismiss is meritless; and turning next to Washburn's request that the court "void" the entry of default, (Doc. 12 at 1), the court observing that Washburn must demonstrate "good cause" for the court to set aside the entry of default, FED. R. CIV. P. 55(c), which inquiry tasks the court to consider whether: (1) the United States will be prejudiced if the default is set aside, (2) whether Washburn has a meritorious defense, and (3) whether default resulted from Washburn's culpable conduct, see United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984), and the court finding that no factor favors setting aside the entry of default, as (1) the United States may be prejudiced if default does not stand and it is compelled to litigate a matter against a fractious and uncooperative defendant who does not deny liability, (2) Washburn's defenses are meritless, and (3) his dilatoriness and blatant disregard for the legal process was unquestionably deliberate, (see, e.g., Doc. 4), and the court thus declining to exercise its discretion to set aside the default; and lastly, turning to the United States' motion (Doc. 9) for default judgment, the court observing that entry of default judgment is appropriate when unchallenged facts of the complaint state a *prima facie* cause of action, see Joe Hand Promotions, Inc. v. Yakubets, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)), and finding that the undisputed *allegata* establish that Washburn has unpaid federal income tax liability for the tax year 2001 in the amount of $28,699.08, and that, notwithstanding the court having provided him an opportunity to show

3

cause why default judgment should not be entered, (Doc. 10 ¶¶ 1, 3), Washburn has not contested that he received the income reflected in the United States' notices of assessments and demands for payment, (see Doc. 1 ¶¶ 6-7), nor does he dispute the accuracy of the United States' calculations, (see generally Docs. 12, 13, 15), and the court thus concluding that entry of default judgment is appropriate,[2] and that the United States has proven the amount of the requested judgment against Washburn with sufficient certainty such that no further inquiry is required, see FED. R. CIV. P. 55(b)(2); Rhino Assocs. L.P. v. Berg Mfg. & Sales Corp., 531 F. Supp. 2d 652, 657 (M.D. Pa. 2007), it is hereby ORDERED that:

1. The United States' motion (Doc. 9) for default judgment is GRANTED.

2. Judgment is ENTERED in favor of the United States and against Washburn in the amount of $28,699.08 as of April 25, 2016, together with all interest and penalties that will continue to accrue pursuant to statute after that date, with respect to Washburn's unpaid federal income tax liabilities for the federal tax year 2001.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] The Third Circuit Court of Appeals encourages district courts to consider three factors in addition to the claim's *prima facie* merit before granting default judgment, to wit: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Joe Hand Promotions, 3 F. Supp. 3d at 271 (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)). The factors are the same in all material respects as those considered in determining whether to set aside an entry of default. Hence, we incorporate our analysis *infra* appertaining prejudice, defensibility, and culpability as if fully set forth here.